IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG TON, | NO. EDCV 25-02894-AGR |
| Petitioner, | ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| TODD M. LYONS, et al., | |
| Respondents. | |

*Procedural History*

On October 30, 2025, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1]  (Dkt. No. 1.)  Briefly, Petitioner was born in a refugee camp in Hong Kong to parents who were Vietnamese citizens.  Petitioner states that he is a citizen of Vietnam.  (Petition ¶ 16.)  On July 19, 2007, an Immigration Judge ordered Petitioner removed to Vietnam or, alternatively, to China.  Petitioner did not appeal.  (Palacios Decl. ¶ 10.)  Most recently, Petitioner was taken into custody on May 2, 2025.  (Petition ¶ 4.)

---

[1]   The parties consented to proceed before the magistrate judge for all purposes. (Dkt. Nos. 6, 8, 15.)

On December 9, 2025, the Court granted Petitioner's application for a temporary restraining order and issued an order to show cause why a preliminary injunction should not issue.  (Dkt. No. 20.)  Respondent did not file an opposition to the issuance of a preliminary injunction.

By Order dated March 12, 2026, the Court granted Petitioner's request for a preliminary injunction as follows:  "For the duration of this action, Respondents are enjoined from re-detaining Petitioner absent compliance with constitutional, statutory, and regulatory protections, which at a minimum include pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing.  Nothing in this order prevents the Government from taking Petitioner into custody after it obtains a travel document for his removal to Hong Kong and follows any applicable statutory or regulatory procedures."  (Order, Dkt. No. 24.)  The Court waived a bond requirement.

The March 12, 2026 Order required that Respondent file a response to the Petition within 21 days, and that Petitioner file an optional reply brief within 7 days after service of the response.  Respondent filed an answer, and Petitioner filed a reply.  (Dkt. Nos. 25, 26.)  The matter was taken under submission.

*Discussion*

Respondent argues that the Court should either deny the Petition as moot because Petitioner has been released from detention, or else enter judgment with res judicata effect.  (Answer at 2.)  Petitioner responds that the Petition is not moot and that the Court should issue a final judgment.

To show standing for prospective relief, Petitioner must suffer an "actual or imminent" injury such that his injury is "fairly trace[able]" to the Respondents' challenged conduct and likely to be redressed by a favorable decision.  *Lujan v. Defs. of Wildlife*,

504 U.S. 555, 560-61 (1992).  Petitioner may show "either 'continuing, present adverse effects'" of Respondents' challenged conduct "or 'a sufficient likelihood that [they] will again be wronged in a similar way.'"  *Villa v. Maricopa Cty.*, 865 F.3d 1224, 1229 (9th Cir. 2017) (citations omitted).  A "claim is not ripe if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Flaxman v. Ferguson*, 151 F.4th 1178, 1184 (9th Cir. 2025) (citation omitted).

The court agrees that the temporary restraining order and preliminary injunction did not moot the Petition.  "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off."  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.*  The Petition was filed when Petitioner was in immigration detention from which he sought release.  Petitioner has shown a "sufficient likelihood" that he is subject to being wronged in a similar way.  *See L.A. v. Lyons*, 461 U.S. 95, 111 (1983).  To be sure, Respondents released Petitioner after the Court's temporary restraining order, but here is no indication that Respondents have yet changed their policies or practices.  *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (noting release following preliminary injunction does not moot habeas case when relief is not made permanent and individual still faces threat of re-arrest and re-detention).  Nor is there a showing that circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future.  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

*Order*

IT THEREFORE IS ORDERED that the Petition for Writ of Habeas Corpus is GRANTED IN PART as to the due process claim as set forth in this Order.  Respondents

are enjoined from re-detaining Petitioner absent compliance with constitutional, statutory, and regulatory protections, which at a minimum include pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing.  Nothing in this order or judgment prevents the Government from taking Petitioner into custody after it obtains a travel document for his removal to Hong Kong and follows any applicable statutory or regulatory procedures.

IT IS FURTHER ORDERED that judgment shall be entered accordingly.

DATED:  May 15, 2026         _____

ALICIA G. ROSENBERG
United States Magistrate Judge